THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00301-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>     Plaintiff, )<br> )<br> vs. )<br> )<br>COY A. BROWN; PATRICIA BROWN; )<br>HOMETRUST BANK; and HAYWOOD )<br>COUNTY, NORTH CAROLINA )<br> )<br>     Defendants. )<br>_____ ) | **ORDER OF SALE** |

In accordance with the judgment entered in this civil action contemperaniously herewith, and with the consent and agreement of the parties the Court hereby **ORDERS** as follows:

1. The Parties' Joint Motion for Entry of Consent Order of Sale is **GRANTED**;

2. The United States holds valid and subsisting tax liens with respect to the federal income taxes assessed against Coy A. Brown for tax years 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2009, and 2012, which total $794,231.08 as of May 17, 2021, including accrued statutory interest and additions to tax. These tax liens attach to all property and rights to

property, including the interest of Coy A. Brown in the real property located at 40 Panda Trail, Waynesville, North Carolina (the Real Property). The Court hereby orders the tax liens of the United States are foreclosed.

3. The Internal Revenue Service (the Service, or IRS), through its Property Appraisal and Liquidation Specialist (PALS), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction and to sell the Real Property.

4. The Terms and conditions of the sale are as follows:

   a. The sale of the Real Property shall be free and clear of the interests of the United States and all Defendants in this action;

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

   c. The sale shall be held either at the courthouse of the county or city in which the Real Property is located, or on the premises of the Real Property;

   d. The PALS shall announce the date and time for the sale(s);

   e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one

newspaper regularly issued and of general circulation in Haywood County, North Carolina, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Real Property and shall contain the terms and conditions of the sale in this Order;

f. The PALS shall set the minimum bid. If the minimum bid is not met for the Real Property, the PALS may, without seeking further permission of this Court, and under the terms and conditions in this Order, hold a new public sale and, if necessary, reduce the minimum bid;

g. At the time of the sale, the successful bidder shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Western District of North Carolina, a deposit in an amount between five and twenty percent of the minimum bid, as specified by the PALS in the published Notice(s) of Sale. No bid will be accepted from any person who has not presented proof that, if he is the successful bidder, he can make the deposit required by this Order;

h. The successful bidder of the Real Property shall pay the balance of the purchase price to the clerk of this Court within thirty days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Western District of North Carolina. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied first to the expenses of the sale, with any amount remaining paid to the United States to be applied against Coy Brown's income tax liabilities at issue in the complaint. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Real Property shall be again offered for sale under the terms and conditions of this Order or, in the alternative, sold to the second-highest bidder.

i. The Clerk of the Court is directed to accept the proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further order of this Court;

j. The sale of the property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed(s) conveying the Real Property to the

4

Case 1:19-cv-00301-MR   Document 27   Filed 06/16/21   Page 4 of 8

purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by any party to this action are discharged and extinguished;

k. When this Court confirms the sale, the recording official for Haywood County, North Carolina shall cause transfer of the property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law;

l. The sale of the Real Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

5. Until the Real Property is sold, Coy A. Brown shall take all reasonable steps necessary to preserve the Real Property (including all improvements, fixtures, and appurtenances) in its current condition. He shall not commit waste against the Real Property, nor shall they cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Real Property, nor shall they cause or permit anyone else to do so. He shall take no action that may tend to deter or discourage potential bidders from participating in the public auction.

6. Any persons occupying the Real Property shall permanently leave and vacate the premises upon receiving thirty (30) days' notice from the Service, taking with them their personal property (but leaving all improvements, buildings, fixtures and appurtenances to the Real Property). If any person fails or refuses to vacate the Real Property by the date specified in this Order, the PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order.

7. If any person fails or refuses to remove his or her personal property, such property is deemed forfeited and abandoned, and the Service is authorized to dispose of such personal property in any manner it deems appropriate, including, but not limited to, selling the property. The proceeds of the sale of any such personal property shall be applied first to the

expenses of the sale, and then remitted to the Court, which shall determine how to distribute those funds at a later date.

8. Pending the sale of the Real Property and until the deeds are delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the property.

9. After the Court confirms the sale of the Real Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified, as stipulated by the parties:

   a. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

   b. Second, to Haywood County or other taxing authority for any real property taxes or special assessments due and owing with interest calculated to the estimated date of the confirmation of the sale;

   c. Third, to the United States of America, for application to the federal tax liens; and

   d. Fourth, any remaining funds to Coy A. Brown.

10. Patricia Brown and HomeTrust Bank, having defaulted in this action, shall take nothing from the sale of the Real Property.

**IT IS SO ORDERED.**

Signed: June 16, 2021

Martin Reidinger
Chief United States District Judge